UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA NAHOURAII,<br><br>Plaintiff,<br><br>v.<br><br>TRACI WEINERMAN, SPENCER WEINERMAN, QUENTIN WEINERMAN, and DOES I through V, Inclusive,<br><br>Defendants. | No. 2:21-cv-00090-TLN-JDP<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court on Defendants Traci Weinerman, Spencer Weinerman, and Quentin Weinerman's (collectively, "Defendants") Notice of Removal. (ECF No. 1.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of El Dorado, due to lack of subject matter jurisdiction.

///

///

///

///

///

///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about January 4, 2021, Plaintiff Diana Nahouraii ("Plaintiff") brought an action for unlawful detainer against Defendants and DOES I–V for possession of certain real property located in South Lake Tahoe, California. (ECF No. 1 at 7–34.) On January 19, 2021, Defendants filed a Notice of Removal, removing the unlawful detainer action from the El Dorado County Superior Court. (*Id.* at 1–9.)

### II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)–(2).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim,

or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III.  ANALYSIS

Defendants appear to have removed the above-entitled action to this Court based on both federal question jurisdiction and diversity jurisdiction. (*See* ECF No. 1 at 1 (indicating removal based on federal question, caption noting removal based on "28 U.S.C. § 1441 and 1332 [diversity jurisdiction]").) The Court discusses each below.

#### A.  Federal Question Jurisdiction

To the extent Defendants seek to establish federal question jurisdiction, they have failed to do so. Defendants claim Plaintiff's eviction order was terminated based on the "Federal CDC Order" relating to the COVID-19 pandemic.[1] (ECF No. 1 at 3.) Defendants further argue a federal question exists as to whether Plaintiff complied with the Federal CDC Order and that the Complaint "implicitly alleges compliance with the Federal CDC order." (*Id.*) However, this argument is unavailing.

It is clear that the Complaint itself contains only a single claim for unlawful detainer. (*Id.* at 7–10 (citing Cal. Code Civ. Proc. § 1161(1)).) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. (*See id.*) Furthermore, even assuming Defendants intend to raise a federal defense based on Federal Regulation 55292 or assert a counterclaim against Plaintiff's unlawful detainer action, as articulated above, removal cannot be based upon a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49, 60–62; *Hunter*, 582 F.3d at 1042–43. Thus, Defendants cannot establish federal question jurisdiction.

#### B.  Diversity Jurisdiction

To the extent Defendants seek to establish diversity jurisdiction, they have also failed to

---

[1] Defendants do not specifically identify the "CDC Order" to which they refer, but the Court assumes that Defendants are referring to the temporary eviction moratorium issued by the Centers for Disease Control and Prevention entitled "Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19." 85 Fed. Reg. 55292 (Sept. 4, 2020). This moratorium is effective September 4, 2020 through December 31, 2020. *Id.*

do so. Defendants assert the amount in controversy exceeds $75,000 but they do not assert the parties are citizens of different states. (ECF No. 1 at 4.) Accordingly, Defendants have not met their burden to establish diversity jurisdiction exists in this case. *Gaus*, 980 F.2d at 566.

In short, because the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. And because Defendants have failed to meet their burden of establishing that there is complete diversity between the parties named in the suit and the amount in controversy exceeds $75,000, the Court also does not have diversity jurisdiction. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case *sua sponte* for lack of federal diversity and subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California for El Dorado County.

IT IS SO ORDERED.

DATED: January 21, 2021

Troy L. Nunley
United States District Judge